## NATIONAL AID LIFE ASS'N v. BAILEY.

### No. 2293.

Court of Civil Appeals of Texas. Beaumont.
Dec. 15, 1932.

Rehearing Denied Dec. 21, 1932.

Davis, Avery & Wallace, of Center, and F. B. Owen, of Oklahoma City, Okl., for appellant.

Anderson & Lewis, of Center, for appellee.

WALKER, C. J.

This was a suit by appellee, Dona Bailey, widow of J. E. Bailey, deceased, against appellant, National Aid Life Association, for $1,000, the principal amount of a life insurance policy issued by appellant on the life of J. E. Bailey, in which appellee was named as beneficiary. The allegations of the petition were that the policy was duly issued; that J. E. Bailey was dead; and the other pertinent allegations to state a cause of action, with prayer for appropriate relief. The fifth paragraph of appellee's petition was as follows: "That long prior to the issuance of the policy sued on herein the said J. E. Bailey was a member of the home or local Benefit Association with headquarters at Shelbyville, Texas, and known as Shelby County Benefit Association, and whether or not the true name is given, it was the Local Mutual Insurance Association at Shelbyville, Texas, and that subsequent to his being admitted to the Shelbyville Association and prior to the issuance of the policy sued on herein the said J. E. Bailey, at all times being in good standing in the said Shelbyville Association. The said defendant herein by due contract took over and merged the said Shelby County Benefit Association of Shelbyville, Texas, into the organization of the defendant and contracted and agreed to take over all members of said Shelbyville Association on the basis of the application in and to the said Shelbyville Association; and the said defendant agreed further to take over all members of the Shelbyville Association who were then in good standing in said Shelbyville Association, regardless of their then age and regardless of their then present physical condition, and the only prerequisite of taking said members into the defendant organization was whether or not the party was at that time in good standing and held a valid policy of insurance in the Shelbyville Association, and that after such contract and merger between the defendant and the Shelbyville Association, the agents of the defendant were instructed to and in fact did issue policies of insurance and especially a policy of insurance, in lieu of the membership and policy theretofore held in the said Shelbyville Association, and that said admittance into the defendant Company was not based on any new application or the present condition of the applicant, but solely upon the then standing of the applicant in the said Shelbyville Association, and said defendant made due investigation of all the conditions and circumstances before the issuance of the said policy from their association to the members of the said Shelbyville Association and they are here and now estopped from denying said facts." In addition to the general demurrer and general denial, appellant specially pleaded certain specific warranties under which it alleged the policy was issued, to wit: (a) In the application for the policy J. E. Bailey represented he was in good health when, in fact, he was in bad health, suffering at that time with a disease that proximately resulted in his death; (b) he represented he was born in 1876 when, in fact, he was born in 1870. On conclusion of the evidence the jury, under instructions from the court, returned a verdict in favor of appellee, upon which judgment was duly entered in her favor.

### Opinion.

It was shown beyond question that J. E. Bailey was in the last stages of Bright's disease when he made the application upon which this policy was issued. It was also clearly established that he was born in 1870 instead of 1876. However, appellee would sustain her judgment on the theory that she established, as a matter of law, the issues pleaded by her in the fifth paragraph of her petition, as copied above. We agree with ap-

pellee that proof of the facts thus alleged, together with the other necessary evidence, about which there is no question, would have established her case. We mean by this that if appellant contracted to take over J. E. Bailey's insurance and to issue to him a new policy in lieu of his old policy, on the basis of the application upon which the old policy was issued, it cannot now defend upon the theory that J. E. Bailey was not in good health when the new policy was issued and that his age was not correctly stated in the application for the new policy. This follows because, if appellant was bound to issue the new policy on the old application, it had no legal right to require a new application containing warranties relieving it of its contract. But the trouble with appellee's theory of the case is that she did not introduce in evidence in the trial court the contract by which appellant took over appellee's insurance, and there is no other evidence in the record developing the contents of this contract. The record is clear that appellee thought she had introduced this evidence. But, as we understand the statement of facts, and the trial court heard appellee's contest on this issue, it affirmatively excludes the contract as evidence. Without this contract appellant established its special defenses. It follows that the judgment of the lower court must be reversed and the cause remanded for a new trial.

Reversed and remanded.